IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02664-BNB

JOSHUA CLAY JOHNSON,

    Plaintiff,

v.

GEORGE SANTINI,
ALICIA VINEYARD,
ALLYSON ALVARADO,
GILBERTA TRUJILLO,
T. K. COZZA-RHODES, and
PETER BLUDWORTH,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Joshua Clay Johnson, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. He submitted *pro se* a Prisoner Complaint (ECF No. 1) for money damages and injunctive relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (ECF No. 1), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe liberally the Prisoner Complaint because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Johnson will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Johnson's complaint fails to assert clearly the personal participation of each named defendant, particularly Alyson Alvarado and Gilberta Trujillo. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Johnson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Johnson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Johnson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Johnson will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Joshua Clay Johnson, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Johnson shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and must use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Johnson fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some claims against some defendants, or the entire complaint and action, may be dismissed without further notice.

DATED October 16, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge