IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02664-REB-BNB

JOSHUA C. JOHNSON,

Plaintiff,

v.

GEORGE SANTINI,
ALICIA VINYARD,
T. K. COZZA RHODES, and
PETER BLUDWORTH,

Defendants.
_____

# ORDER
_____

This matter arises on **Defendants' Motion to Stay Discovery** [Doc. #57, filed 11/03/2014] (the "Motion"), which is DENIED.

Several statements contained in the Motion require a response. In particular, the defendants argue:

> Defendants responded to the complaint on April 30, 2014, by asserting qualified immunity in a motion for summary judgment that set forth undisputed evidence establishing that they did not violate clearly established law in their care and treatment of Plaintiff.
>
> \* \* \*
>
> On September 2, 2014, prior to Plaintiff filing a response [to the defendants' motion for summary judgment], the Court *sua sponte* (Magistrate Judge Boland) denied Defendants' Motion for Summary Judgment without prejudice and ordered Defendants to file an answer. The Magistrate's order (which was not a recommendation) did not address the merits of Defendants' defenses or state the reason for denial of Defendants' motion.

> On September 11, 2014, Defendants answered Plaintiff's Amended Complaint.

Motion [Doc. # 57] (internal citations omitted).

In what can only be viewed as an intentional attempt to mislead the district judge, the defendants improperly fail to acknowledge that a scheduling conference was held on October 22, 2014, where defense counsel raised these same concerns. I explained at that time that the defendants had failed to comply with the requirements of Fed. R. Civ. P. 12(a)(1)(A) by failing to file an answer within the time allowed.[1] Defense counsel's suggestion to the contrary notwithstanding, the filing of a motion for summary judgment does not relieve a party of the obligation to answer. 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1348 at p. 53. I also explained at the scheduling conference that the plaintiff had filed a motion for extension of time [Doc. # 41] to respond to the defendants' first motion for summary judgment, arguing that he needed copies of his medical records in order to respond to the defendants' first motion for summary judgment;[2] that I had construed that as a motion under Fed. R. Civ. P. 56(d); and that I had denied the defendants' first motion for summary judgment without prejudice as Rule 56(d)(1) expressly allows. The failure of defense counsel to acknowledge this explanation

---

[1] In the Order [Doc. # 44] denying the defendants' first motion for summary judgment without prejudice, I explained that the defendants failed to respond to the plaintiff's complaint prior to February 6, 2014, which was the deadline allowed by the Federal Rules. Consequently, on February 24, 2014, I ordered the defendants to file a responsive pleading on or before March 3, 2014. After being granted an extension, the defendants filed their first motion for summary judgment on March 30, 2014. They failed to file a responsive pleading, however. See Order [Doc. # 44] at pp. 1-2.

[2] Significantly, the defendants state that they have requested a copy of the plaintiff's medical records from the Bureau of Prisons, Motion [Doc. # 57] at p. 4, but there is no commitment that those records will be voluntarily provided.

is inexplicable and unprofessional.

The availability of a stay of proceedings pending the determination of qualified immunity was closely examined in Rome v. Romero, 225 F.R.D. 640, 643-44 (D. Colo. 2004), where the court ruled:

> Although the Supreme Court recognizes that a well-supported claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery, invocation of the defense is not a bar to all discovery.
>
>       \*   \*   \*
>
> Even where a qualified immunity defense is asserted, some limited discovery is still permitted. As the Supreme Court in Crawford-El [523 U.S. 574 (1998)] observed, qualified immunity does not protect an official from all discovery, but only from that which is broad-reaching. Limited discovery may be necessary when the doctrine is asserted in a motion for summary judgment on contested factual assertions. A plaintiff faced with a defense of qualified immunity in a motion for summary judgment may also be entitled to conduct discovery to explore facts essential to justify opposition to the motion as provided for by Fed. R. Civ. P. 56[(d)].

(Internal quotations and citations omitted except as noted.)

A blanket stay of discovery is unwarranted and unsupportable under Rome. Instead, and as I explained at the scheduling conference, the defendants may move for a protective order if the plaintiff attempts to take "unnecessary and burdensome" discovery. In the face of the defendants' motion for summary judgment, however, the scope of permissible discovery as contrasted with that which is unnecessary and burdensome cannot be determined in the abstract and must await the plaintiff's specific discovery requests. Accord Wanstall v. Armijo, 2014 WL 4636457 (D. Colo. Sept. 16, 2014) (refusing a request to stay all discovery and staying only the defendants' depositions, noting that "[d]epositions are generally the most burdensome aspect of discovery on individual defendants").

IT IS ORDERED that Defendants' Motion to Stay Discovery [Doc. #57] is DENIED.

Dated November 4, 2014.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge