**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02664-REB-NYW

JOSHUA C. JOHNSON,

    Plaintiff,

v.

GEORGE SANTINI,
ALICIA VINYARD,
T.K. COZZA RHODES,
PETER BLUDWORTH,

    Defendants.

---

**ORDER DENYING MOTION TO RECUSE**

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on the Motion to Recuse filed by Plaintiff Joshua C. Johnson ("Plaintiff" or "Mr. Johnson") on April 2, 2015. [#91]. The matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated December 3, 2013 [#11] and memorandum dated April 2, 2015 [#92]. The time has elapsed for Defendants to file any response to the Motion to Recuse. Having considered Mr. Johnson's request, the docket, and the applicable statute and case law, the undersigned Magistrate Judge declines to recuse herself in this matter.

**BACKGROUND**

Plaintiff initiated his action on September 30, 2013, alleging that Defendants violated his Eighth Amendment right against cruel and unusual punishment based on deliberate indifference by failing to provide him with certain medical treatment for his "Chracot-Marie-Tooth disease."

[#1 at 3]. In his Original Complaint, Mr. Johnson asserted three claims based on three categories of inadequate medical care: (1) failure to provide him the required surgery to correct his foot ailment; (2) failure to provide physical therapy; and (3) delay in providing pain medication. [#1]. Mr. Johnson then amended his Complaint, and dismissed two Defendants. [#8]. Defendants filed an early Motion for Summary Judgment that was denied. [#44]. The court then entered a Scheduling Order on October 14, 2014 that required all discovery to be completed by April 22, 2015, and all dispositive motions to be filed by May 22, 2015. [#54].

Defendants filed a Motion for Summary Judgment on November 3, 2014. [#55]. The court ordered Mr. Johnson to respond no later than December 4, 2015. [#59]. Upon Plaintiff's motion, the court then extended the time for Mr. Johnson to respond to the Motion for Summary Judgment for ninety-days, up to and including March 4, 2015. [#66]. Plaintiff then requested another 80 days to respond to the Motion for Summary Judgment. [#84]. Given the length of time that the Motion for Summary Judgment had already been pending, the court granted Plaintiff's request in part, and denied it in part, allowing up to and including April 3, 2015 for Plaintiff to file a response to the Motion for Summary Judgment. [#86].

Plaintiff filed the instant Motion to Recuse, alleging that the undersigned Magistrate Judge was biased because "as recent as January 10, 2014, Nina Y. Wang served as one of the LEAD ATTORNEYS for the United States Attorney's Office in Denver, Colorado where she represented parties employed by the Bureau of Prisons in the case of 'Wallace Mitchell v. Kevin Estrada et al.' 2014 U.S. Dist. Lexis 2989 Civil Action No. 03-CV-00387-PAB-MJW." [#91 at 1]. Plaintiff then concluded that the undersigned Magistrate Judge favored Defendants because

she had once represented the Bureau of Prisons, and because she had worked with counsel for Defendants. [#91 at 2].

Federal judges may be required to recuse themselves either upon motion of a party or on their own accord. In the first instance, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. By separate statute, "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* 28 U.S.C. § 455(a) and (b)(1). This court considers Mr. Johnson's Motion to Recuse under both statutes.

Mr. Johnson's allegations of bias are centered around the court's original denial[1] of an additional 80-day extension of the filing of a response to the Motion for Summary Judgment (by providing only 30 days), at the same time that counsel for Defendants objected to certain discovery requests by Plaintiff. [#91 at 3]. Adverse rulings alone, however, are insufficient to warrant disqualification. *United States v. Deberry*, 451 Fed. Appx. 749, 756 (10th Cir. 2011).

In addition, Mr. Johnson alleges that the court's prior service as an Assistant United States Attorney has caused her to "join forces" with defense counsel and agree to "short change" Plaintiff. [#91 at 3]. The undersigned Magistrate Judge has not been employed by the United States Attorney's Office since 2004, and has not represented the Bureau of Prisons in over a

---

[1] The court recently ordered Defendants to respond to certain discovery, and also extended the deadline for Mr. Johnson to respond up to and including July 6, 2015. [#94].

decade. The court has had no contact with defense counsel from 2004 until 2015, when she was appointed as a United States Magistrate Judge, and the only contact since her appointment has been through formal filings with the court. Finally, the court has had no *ex parte* communications with defense counsel regarding this or any other case pending before her. The mere familiarity of the kind of case or the defendants involved is insufficient to justify recusal. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Respectfully, Plaintiff's allegations are conclusory and unsubstantiated, and cannot form the basis for recusal. *See David v. City and County of Denver,* 837 F. Supp. 1094, 1095 (D. Colo. 1993).

It is well-settled that a judge has a strong obligation not to recuse herself when there is no legitimate reason to recuse. *Nichols*, 71 F.3d at 351. Accordingly, IT IS ORDERED that:

(1)     Plaintiff's Motion to Recuse [#91] is DENIED.

DATED: May 8, 2015                                    BY THE COURT:

                                                                    s/ Nina Y. Wang
                                                                    United States Magistrate Judge