**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02664-REB-NYW

JOSHUA C. JOHNSON,

    Plaintiff,

v.

GEORGE SANTINI, et al.,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) the **Defendants' Motion for Summary Judgment** [#55][1] filed November 3, 2014; and the corresponding **Recommendation of United States Magistrate Judge** [#96] filed July 27, 2015. The plaintiff filed objections [#100] to the recommendation. I overrule the objections, approve and adopt the recommendation, and grant the motion for summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

The plaintiff, Joshua Johnson, is an inmate incarcerated by the Federal Bureau

---

[1] "[#55]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

of Prisons. During the time relevant to his complaint, he was incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Johnson suffers from a rare congenital neurologic disease known as Charcot-Marie Tooth (CMT). He alleges in his complaint that the defendants violated his rights under the Eighth Amendment when they failed to facilitate reconstructive surgery on his foot, when they did not accommodate his need for physical therapy, and when they did not provide adequate pain medication.

The magistrate judge concluded that the evidence in the record could support a finding by a reasonable fact finder that Mr. Johnson had a serious medical need. For purposes of a motion for summary judgment, this satisfies the objective prong of the inquiry under the Eighth Amendment concerning medical care for prison inmates.

However, the magistrate judge concluded that the plaintiff has not demonstrated a genuine dispute as to any material fact concerning the subjective component of a claim under the Eighth Amendment, often known as deliberate indifference. The subjective component implicates the state of mind of the defendant and is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." **Beauclair v. Graves**, 227 Fed. Appx. 773, 776 (10th Cir. 2007) (quoting **Mata v. Saiz**, 427 F.3d 745, 752 (10th Cir. 2005)). A plaintiff will satisfy this element only when he shows that the defendant both was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also dr[e]w the inference." **Farmer**, 511 U.S. at 837. Thus, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct

prohibited by the Cruel and Unusual Punishment Clause." ***Whitley v. Albers***, 475 U.S. 312, 319 (1986). On this point, I concur with the analysis and conclusions of the magistrate judge.

In addition, the magistrate judge found that Mr. Johnson has not shown that defendants T.K. Cozza Rhodes and Peter Bludworth participated personally in the alleged constitutional violations. On this basis also, these defendants are entitled to summary judgment.

The magistrate judge provided in the recommendation a thorough description of the relevant facts evidenced in the record and an accurate application of the law to those relevant facts. Properly, the magistrate judge concludes that the defendants are entitled to summary judgment. Nothing in the objections [#100] of the plaintiff vitiates the reasoning and conclusions of the magistrate judge. Thus, I overrule the objections, approve and adopt the recommendation [#96], and grant the motion for summary judgment.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#96] filed July 27, 2015, is approved and adopted as an order of this court;

2. That the objections [#100] of the plaintiff are overruled;

3. That under Fed. R. Civ. P. 56, the **Defendants' Motion for Summary Judgment** [#55] filed November 3, 2014, is granted;

4. That judgment shall enter in favor of the defendants, George Santini, Alicia Vineyard, T.K. Cozza Rhodes, Peter Bludworth, against the plaintiff, Joshua C.

Johnson;

     5.  That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

     6.  That this case is closed.

Dated September 16, 2015, at Denver, Colorado.

                              **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge